United States District Court
Southern District of Texas
**ENTERED**
August 22, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NRS OCEAN LOGISTICS LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-2802 |
| | § | |
| CIRRUSHARBOR, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff NRS Ocean Logistics LTD's ("NRS") Motion for Partial Summary Judgment. (ECF No. 16). Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** NRS's Motion for Partial Summary Judgment (*id.*) be **GRANTED**.

## I.    Background

### A.    Factual Background[2]

This case arises out of a contract between NRS and Defendant CirrusHarbor, Inc. ("CirrusHarbor"). (*Id.* at 1). In 2021 and 2022, CirrusHarbor contracted with NRS for the transportation of its liquid cargoes

---

[1] On May 15, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 25).

[2] If no response to the motion for summary judgment has been filed, the court may find the statement of facts as undisputed in the motion for summary judgment. *See Powell v. Delaney*, No. 00-cv-0426, 2001 WL 1910556, at *1 (W.D. Tex. June 14, 2001).

from various Ports of Loading to various Ports of Discharge.  (*Id.* at 1–2).

CirrusHarbor initially paid the amounts invoiced for NRS's services.  (*Id.* at 2).

However, CirrusHarbor eventually stopped making payments on its account.

(*Id.*).  NRS alleges CirrusHarbor has failed to pay the $538,154.00 owed.  (ECF

No. 1 at ¶ 13).

    B. <u>Procedural History</u>

On July 31, 2023, NRS filed its Original Complaint against

CirrusHarbor, bringing a suit on a sworn account claim and a breach of

contract claim.  (*See id.* at 16–21).  On October 3, 2023, CirrusHarbor filed its

answer and counterclaim for breach of contract.  (ECF No. 8).  On February 22,

2024, NRS filed the instant Motion for Partial Summary Judgment.  (ECF No.

16).  On March 14, 2024, CirrusHarbor filed an agreed motion for extension of

time to respond to NRS's Motion for Partial Summary Judgment, which the

Court granted.  (ECF Nos. 17, 19).

On April 4, 2024, CirrusHarbor's attorney filed a motion to withdraw.

(ECF No. 20).  On April 10, 2024, CirrusHarbor filed a second motion for

extension of time to respond to NRS's Motion for Partial Summary Judgment.

(ECF No. 23).  On May 8, 2024, United States District Court Judge Andrew

Hanen granted CirrusHarbor's attorney's motion to withdraw. (ECF No. 24).

Since then, it does not appear CirrusHarbor has found new counsel. Further, on May 30, 2024, the Court granted CirrusHarbor's second motion[3] for extension of time to respond to NRS's Motion for Partial Summary Judgment, ordering CirrusHarbor's response to be filed by July 1, 2024. (ECF No. 26).

Throughout June 2024, the Court attempted to mail copies of its previous orders to the address on file for CirrusHarbor; however, the mail has been returned as undeliverable. (*See* ECF Nos. 27–31). On July 17, 2024, the Court attempted to resend the previous orders to a corrected address. (*See* ECF No. 32). However, the mail was again returned as undeliverable. (*See* ECF No. 33).

Because CirrusHarbor previously had knowledge of the pending Motion for Partial Summary Judgment before its counsel was removed from the case, the Court construes its failure to respond to the motion as it being unopposed. *See* S.D. TEX. LOC. R. 7.4.

## II.    Legal Standard

Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*,

---

[3] The Court notes that CirrusHarbor's second motion for extension of time was filed prior to when CirrusHarbor's counsel withdrew. (*See* ECF Nos. 23-24).

917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

4

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

## III. Discussion

NRS moves for judgment as a matter of law on its sworn account claim against CirrusHarbor. (ECF No. 16). The motion is unopposed.

The Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel*

*Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, regardless of whether any response was filed. *See Powell*, 2001 WL 1910556, at *5–6.

Nevertheless, if no response to the motion for summary judgment has been filed, the court may find the statement of facts as undisputed in the motion for summary judgment. *Id.* at *1; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (explaining where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed); *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence."). The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

As briefed, NRS's suit on sworn account claim is based under Texas common law. (*See* ECF No. 16 at 6). Under Texas law, the elements for a common law action on a sworn account are:

> (1) there was a sale and delivery of the merchandise or performance of the services; (2) the amount of the account is just, that is, that the prices were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services; and (3) the amount is unpaid.

*Noodlenet, LP v. Proctor & Gamble Distrib. LLC*, No. 3:08-cv-1121, 2008 WL 11349984, at *2 (N.D. Tex. Nov. 11, 2008) (citing *Adams v. H & H Meat Prods. Inc.*, 41 S.W.3d 762, 773 (Tex. App.—Corpus Christi 2001, no pet.)).

Here, the record demonstrates (1) NRS contracted to perform services for CirrusHarbor by facilitating worldwide carriage of liquid cargoes in tank containers (ECF No. 1 at ¶¶ 6, 8; ECF No. 1-1 at ¶ 5; ECF No. 8 at ¶¶ 6, 8); (2) NRS charged CirrusHarbor for the services through several invoices (ECF Nos. 1-2–1-10); (3) NRS performed the services promised to CirrusHarbor (*Id.*; ECF No. 16-1); and (4) NRS's invoices are unpaid (*See* ECF Nos. 1-1, 16-1). The Court finds NRS has established the absence of a genuine issue of material fact as to any of these elements. Thus, NRS has established, beyond peradventure, all the essential elements of its common law suit on sworn account claim to warrant judgment in its favor. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, . . .

he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original).

## IV.    Conclusion

Based on the foregoing, the Court **RECOMMENDS** Motion for Partial Summary Judgment (ECF No. 16) on its sworn account claim be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on August 22, 2024.

Richard W. Bennett
United States Magistrate Judge

8